**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Design Trend International Interiors, Ltd., an Arizona corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>S. W. Huang and Terry Chan Huang, husband and wife,<br><br>         Defendants. | No. CV-06-1987-PHX-LOA<br><br>**ORDER AND<br>ORDER TO SHOW CAUSE** |

This matter arises on Defendants' Motion to Amend Answer, filed on March 29, 2007. (docket # 18)  No response has been filed by Plaintiff to date.

**I. MOTION TO AMEND ANSWER**

The Rule 16 scheduling order required all amendments to pleadings be filed by March 30, 2007. (docket # 15)  Thus, Defendants' Motion to Amend Answer was timely filed and makes clear that Defendants intend "to amend their answer to include as an affirmative defense the equitable defense of recoupment." (docket # 18 at 1)  Due to an obvious clerical error, defense counsel underscored paragraph 31 of the lodged Amended Answer, rather than the new paragraph alleging the defense of recoupment, in his attempt

1  to comply with LRCiv 15.1(a). (docket # 18 at 8)  There being no objection and good cause
2  appearing, the subject motion will be granted.[1]

## II. JURISDICTION

At the February 14, 2007 Rule 16 scheduling conference, Plaintiff's counsel raised a concern he had about the possibility of the lack of complete diversity of citizenship in that one or both Defendants may be residents of the State of Arizona.[2] Defendants removed this lawsuit to the District Court on or about August 14, 2006 upon information and belief that Plaintiff is an Arizona corporation doing business in Arizona and the representation that Defendants "live in and are residents of the State of California." (docket # 1, ¶¶ 5 and 6)  The Court thereafter directed that "Plaintiff shall either file a motion to remand for lack of jurisdiction or the parties shall file a joint short statement (no more than two pages) of the jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statute(s) on or before **March 23, 2007**.  If the parties file[d] a joint statement of jurisdiction, the Court [would] do an independent inquiry into the issue of subject matter jurisdiction. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003);

---

[1] Defense counsel's reference to Rule 15(a), FED.R.CIV.P., is misplaced. Amendment of pleadings is controlled by Rule 16(b), FED.R.CIV.P. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992)

[2] The parties were reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. Title 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).

Diversity jurisdiction is based on citizenship, not residency. To be a citizen of a particular state, a natural person must both be a citizen of the United States and be domiciled within that state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 2221 (1989); *Kalinowski v. Davol, Inc.*, 2006 WL 2615894 * 2 (D. Ariz. 2006). A person's domicile is his or her permanent home, where he or she resides with the intention to remain or to return. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986). A person residing in a given state is not necessarily domiciled there, and is also not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001).

1  Rule 12(h)(3), FED.R. CIV.P."  (docket # 15 at 5-6)  To date, neither a motion to remand for
2  lack of jurisdiction nor a joint jurisdictional statement establishing jurisdiction of this federal
3  lawsuit has been filed.

4  It is undisputed that "a [district] court has an obligation to inquire *sua sponte* into
5  its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."
6  *Feldman*, 322 F.3d at 665; *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir.1988);
7  Fed.R.Civ.P. 12(h)(3). "No matter how tantalizing a problem may be, a federal [] court
8  cannot scratch intellectual itches unless it has jurisdiction to reach them." *Director, OWCP*
9  *v. Bath Iron Works Corp.*, 853 F.2d 11, 13 (1st Cir.1988).  Federal court is a court of limited
10 jurisdiction and may not grant relief absent a constitutional or valid statutory grant of
11 jurisdiction. *A-Z International v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). "A federal
12 court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively
13 appears." *Id.*; *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992)
14 (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)).

15 Federal subject-matter jurisdiction under Title 28 U.S.C. § 1332(a)(1) requires
16 complete diversity of citizenship[3] and an amount in controversy in excess of $75,000.
17 Generally, if a defendant has improperly removed a case to federal court over which the
18 federal court lacks complete diversity jurisdiction, the district court shall remand the case to
19 state court. Title 28 U.S.C. § 1447(c); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398,
20 403-04 (9th Cir.1996) (strong presumption in favor of remand). "Once a defendant has filed
21 a notice of removal in the federal court, a plaintiff objecting to removal 'on the basis of any
22 defect in removal procedure' may, within 30 days, file a motion to remand the case to state
23 court. § 1447(c)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). "This 30-day limit does
24 not apply, however, to jurisdictional defects: 'If at any time before final judgment it appears

---

[3] Notwithstanding the requirement of complete diversity, an otherwise non-diverse party's citizenship may be disregarded if a party can demonstrate that the non-diverse party was "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Id.* (citations omitted) With a few exceptions, subject-matter jurisdiction is, however, premised upon diversity of citizenship at the time of filing the complaint. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).

If a district court determines that removal was improper, it has discretion to award to a plaintiff the reasonable attorney's fees and costs a plaintiff incurred in attacking removal. *Pressman v. Meridian Mortgage Co.*, 334 F.Supp.2d 1236, 1241 (D. Hawai'i 2004) (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir.1992) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.")). Under Title 28 U.S.C. § 1447(c),[4] an award of attorney fees and costs is only authorized if removal was improper. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487 (9th Cir.1995) "In an all-too-rare effort to reduce the high cost of litigation, Congress provided that remand orders are completely unreviewable 'on appeal or otherwise.'" *Osborn v. Haley*, __ U.S. __, 127 S.Ct. 881, 2007 WL 135830 (2007) (citing Title 28 U.S.C. § 1447(d)).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Amend Answer, (docket # 18), is **GRANTED**. Defendants' Lodged Amended Answer (docket # 19) is deemed filed the date this Order is entered by the Clerk. LRCiv. 15.1(c).

---

[4] Section 1447(c) of Title 28 provides, in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

1       **IT IS FURTHER ORDERED** that setting a Show Cause deadline on or before **5:00 p.m. on Monday, May 7, 2007** for Defendants to show cause in writing why this Court has subject matter jurisdiction to exercise jurisdiction over this lawsuit and why this Court should not remand this lawsuit back to state court. Absent good cause shown, the Defendants' failure to timely establish by affidavit or other admissible evidence complete diversity of citizenship at the time of the filing of the Complaint shall result in the entry of a remand order and possible imposition of an award of reasonable attorneys' fees and costs against Defendants.

      DATED this 18th day of April, 2007.

      */s/ Lawrence O. Anderson*
      Lawrence O. Anderson
      United States Magistrate Judge