**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Design Trend International Interiors, Ltd., an Arizona corporation,

Plaintiff,

vs.

S. W. Huang and Terry Chan Huang, husband and wife,

Defendants.

No. CV-06-1987-PHX-LOA

**ORDER**

This matter arises on Plaintiff Design Trend International Interiors, Ltd.'s (Plaintiff or "Design Trend") Motion to Dismiss this lawsuit without prejudice and Motion for Protective Order, filed on July 12, 2007. (docket # 28 and # 29) The parties have previously expressly consented in writing to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket # 13)

After reviewing and considering Defendants S. W. Huang and Terry Chan Huang's (Defendants or "the Huangs") August 14, 2007 Response, docket # 32, in opposition to the pending motions and Plaintiff's timely Reply, docket # 34, the Court will grant Plaintiff's request to voluntarily dismiss this lawsuit without prejudice but it will also order that Plaintiff shall conditionally pay Defendants' costs and reasonable attorney's fees incurred herein if the same or a similar tort claim is re-filed by Plaintiff against Defendants in any court in the future.

**BACKGROUND**

On July 18, 2006, Design Trend sued the Huangs, husband and wife, in the Maricopa County Superior Court, alleging the Huangs, as owners of Cathay Enterprises, Inc., an Arizona corporation, are liable in tort to Design Trend for fraudulently inducing Design Trend, through its authorized agents and representatives, to enter into a construction contract to remodel and renovate a Tempe hotel, owned by Cathay Enterprises. (docket # 5; Complaint at 1-2) Specifically, the Complaint alleges that the parties, in effect, modified the hotel construction contract "[a]t a July 2001 meeting, [wherein] Huang agreed to pay for the reduced scope of the work and personally assured [Robert] Algiere [principal owner of Designed Trend] that <u>he</u> [Huang] would see to it that Design Trend was fully paid once the work was completed. (*Id*.) (emphasis in original). Count One alleges that despite Huang's representations to Plaintiff, Huang "had no present intent to fully perform on his promise to ensure" that Plaintiff be paid in full for its work at the hotel. (*Id*. at 5) The Complaint further alleges that Design Trend substantially completed the revised scope of the work, was not paid by the Huangs, and is owed $244,507.00, plus prejudgement and post-judgment interest, consequential and punitive damages, and its costs and reasonable attorneys' fees. (*Id*.)

On August 14, 2006, the Huangs timely removed the state lawsuit to this federal court and filed their Answer, denying, among other allegations, "that Huang subsequently made [a] $200,000 payment personally, that said payment was made by Cathay Enterprises," that the Huangs fraudulently induced Design Trend to enter into the subject contract, and claimed "that Design Trend did not complete the work or perform the same in a timely, workmanlike manner and at no time was entitled to payment from Defendants herein." (docket # 2)

A full year after filing this tort-based lawsuit; after consenting to magistrate judge jurisdiction; after submitting its proposed Case Management Plan; after participating in the February 14, 2007 Rule 16 Scheduling Conference; after initiating and responding to discovery; and after participating in an emergency telephonic discovery dispute with the undersigned on June 28, 2007 which resulted in a stipulated rescheduling of Andrew

Linsalata's deposition to July 16, 2007, a date, time and location convenient to both counsel; Plaintiff files the pending motions only a few days before Linsalata's rescheduled deposition. Plaintiff now seeks leave of the Court to voluntarily dismiss this lawsuit without prejudice and requests the entry of a protective order that Linsalata's deposition not be taken. On July 12, 2007, the Court *sua sponte* temporarily stayed Linsalata's deposition until further briefing was submitted, denied Plaintiff's request for expedited telephonic oral argument on the pending motions and set a briefing schedule. (docket # 31)

Plaintiff's Motion to Dismiss seeks the trial court's approval pursuant to Rule 41(a)(2), FED.R.CIV.P., to dismiss its own case "upon such terms and conditions as the Court deems proper." (docket # 28 at 1) Design Trend claims that dismissal of this federal lawsuit "will benefit both parties and help them avoid unnecessary duplication of effort and costs, since a parallel adversary proceeding is currently going forward in the [United States] Bankruptcy Court [for the District of Arizona] and the issues raised in this case can be addressed and adjudicated in that forum more expeditiously."[1] (*Id.*) Design Trend explains that "[i]n this case, only very limited discovery has taken place[2] and no counterclaim or dispositive motions have been filed.[3] In contrast, all necessary discovery has already been

---

[1] Plaintiff correctly notes there is a pending bankruptcy case, No. 04-15766-PHX-RTB, involving Plaintiff and Cathay Enterprises, Inc. in the United States Bankruptcy Court for the District of Arizona. On September 7, 2004, the Debtor, Cathay Enterprises, Inc., filed its petition under Chapter 11 of the U.S. Bankruptcy Code. On June 6, 2007, Design Trend filed its Proof of Claim with the Bankruptcy Court in the sum of $750,000. (docket # 58 at ¶ 8; Exhibit A) On August 9, 2007, U.S. Bankruptcy Judge Tom Baum was informed, perhaps for the first time, of this related District Court litigation and the sudden reversal by Design Trend of its efforts to frustrate, according to the debtor's counsel, the taking of Linsalata's deposition by seeking a dismissal of this related lawsuit. (docket # 59)

Contrary to counsel's representation that "the issues raised in this case can be addressed and adjudicated in that forum more expeditiously[,]" the Bankruptcy Court is not likely to have jurisdiction over Plaintiff's tort claim. See, fn. 7, *infra*.

[2] The deadline for completing discovery in this case is November 30, 2007. (docket # 15 at 3)

[3] The dispositive motion deadline is on or before January 25, 2008. (*Id.*)

completed for the adversary proceeding and Plaintiff expects that a trial date will be set in that case very soon." (*Id*. at 1-2) For purported reasons of "judicial economy" and "avoid[ance of] unnecessary costs for the parties," Design Trend requests "this case be dismissed without prejudice, with the parties to bear their own costs and fees incurred to date herein." (*Id*.)

The Plaintiff's proposed December 11, 2006 Case Management Plan provides more detail into the contentious, "take-no-prisoners" litigation between the parties and/or their corporate entities in both state court and the Bankruptcy Court. In 2001, Plaintiff

> filed suit against Cathay Enterprises, a company wholly owned by one or both Defendants, in Maricopa County Superior Court Case No. CV 2001-013001, in which Plaintiff was seeking payment for work it did at the [hotel]. That case was [automatically] stayed when Cathay Enterprises filed for bankruptcy just before trial in September 2004, and was recently - and in Plaintiff's opinion, erroneously -dismissed from the Superior Court's inactive calendar. The bankruptcy proceedings are still ongoing, but Cathay recently received approval to sell the hotel, provided it puts $750,000 into escrow pending a decision on the merits of Plaintiff's claim for payment of sums allegedly due and owing, together with interest and attorneys' fees.

(docket # 9 at ¶ 11)

The Huangs oppose a dismissal without prejudice of this District Court lawsuit if each party must bear its or their own costs and attorneys' fees. They claim they "will suffer irreparable harm and unfair prejudice if this matter is dismissed without prejudice, with each party to bear their own costs and attorneys' fees." (docket # 32 at 1) They contend that Design Trend "elected to file both the instant action and the Bankruptcy proceeding causing Defendants to defend two simultaneous litigations and incurring significant attorneys' fees in the process." (*Id*. at 1-2) They urge the Court to "dismiss the instant action **with prejudice** and award Defendants their costs and attorneys' fees." (*Id*. at 2) (emphasis in original).

In its Reply, Plaintiff's counsel argues, among others, that the fault for any increased costs and attorneys' fees rests with the Huangs by their filing Cathy Enterprises' bankruptcy petition on the eve of the state trial in 2004 and the Huangs' "delay tactics and [expenditure of] great effort, time and money to deny Plaintiff" its remedy as apparently,

from Plaintiff's perspective, legal or factual justification for the Court to grant their pending motions. (docket # 34 at 2-3) Design Trend's Reply also justifies its tort suit against the Huangs, non-parties to the bankruptcy proceeding, as it "understandably chose to pursue its newfound fraudulent inducement claim against the Huangs in the Maricopa County Superior Court, in order to preserve its right to collect the money owed to it." (*Id*.) In his argument, Design Trend's counsel inappropriately disparages the Huangs for, among other statements, "continu[ing] to assert false information in an attempt to obfuscate the truth, cloud the issues and delay the inevitable" and "<u>knowingly</u> attempt[ing] to mislead this Court with the specious claim . . . ." (*Id*. at 3-4) (emphasis in original) Such patently offensive, uncivil and unprofessional rhetoric crosses the line of appropriate argument, is not permitted in federal court, or in any court for that matter, and violates the Standards of Professional Conduct for admission, or continued admission, to practice law in the District Court of Arizona.[4] Moving away from this distraction, Design Trend claims that "since the complaint was filed, Design Trend has taken pains to not create unnecessary litigation expense for any of the parties," and that "as soon as it became certain that the Bankruptcy Court would adjudicate Design Trend's claims against Cathay and had taken steps to ensure Plaintiff would be able to recover damages if it prevailed, Design Trend moved to dismiss this action as unnecessary and duplicative." (*Id*.) Plaintiff also boldly declares that "Defendants have not incurred any

---

[4] Standard of Professional Conduct No. 2 provides:

> We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties, or witnesses. We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

Plaintiff's counsel is reminded that his signature upon the Application For Admission to Practice confirms he has "read and will ascribe to the Standards for Professional Conduct as adopted by the US District Court for the District of Arizona . . . ."

significant costs or fees in this action to date as a result of anything Plaintiff did." The Court disagrees.

**Rule 41(a)(2), Federal Rules of Civil Procedure**

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. [U]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Rule 41(a)(2), FED.R.CIV.P. The purpose of the rule is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Services v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). A district court's decision as to the terms and conditions that should be imposed, if any, rests within the "broad discretion" of the district court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980); *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). "Courts often condition a dismissal without prejudice on the plaintiff's payment of the defendant's costs, including attorneys' fees." *Cerciello v. Blackburn Truck Lines Holding Co, Inc.*, 917 F.2d 27 (9th Cir. 1990) (citing 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.06 (2d ed. 1988)). "But such payment is not a prerequisite for dismissal without prejudice." (*Id.*) (citing *Stevedoring Services*). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citing *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965), *cert. denied*, 384 U.S. 909 (1966). If a district court decides it should condition dismissal on the payment of costs and attorney's fees, the defendant should only be awarded attorney fees for work which cannot be used in any future litigation of these claims. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).

"A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly stated in that rule." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can

show that it will suffer some plain legal prejudice as a result." *Id*. at 975; *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). The Ninth Circuit defines plain legal prejudice as "just that-prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996). Neither "the expense incurred in defending against a lawsuit" nor the "[u]ncertainty [that] a dispute remains unresolved" amounts to "legal prejudice." *Id*. By contrast, district courts rarely grant an award of reasonable attorneys' fees when an action is dismissed voluntarily with prejudice. *Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. 391, 395 (E.D.N.Y. 1998) (citing *Horton v. Trans World Airlines Corp*., 169 F.R.D. 11, 15 (E.D.N.Y. 1996) ("if the dismissal is with prejudice, a district court generally lacks the power to require payment of attorney's fees"). In those circumstances, attorney's fees are considered inappropriate because the defendant "has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule [relating to awarding attorney's fees] would preclude such an award." *Mercer Tool Corp. v. Friedr. Dick GmbH*, 179 F.R.D. at 395-396; *Colombrito*, 764 F.2d at 134.

**ANALYSIS**

In this case, there is no "legal prejudice" to the Huangs in dismissing this case without prejudice. The Ninth Circuit has made clear that the Huangs' incurring attorney's fees and costs in defense of this federal tort action does not constitute legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d at 97. The Huangs have provided no Ninth Circuit authority that a district court may properly, under the circumstances of this case at this time, dismiss Design Trends' lawsuit **with** prejudice **and** also award the Huangs their costs and reasonable attorney's fees incurred herein. In fact, absent a finding the Design Trend's claim herein was brought without substantial justification within the meaning of A.R.S. § 12-349, it is not likely that the prevailing party in this case would recover their reasonable attorney's fees under Arizona law. See, A.R.S. § 12-341.01; *Morris v. Achen Construction Co., Inc*., 155 Ariz. 512, 747 P.2d 1211, 1213 (Ariz. 1987) (attorney's fees should not have been awarded to prevailing party under A.R.S. § 12-341.01 because the

fraudulent inducement to enter contract was not so intrinsic to contract to allow recovery of attorney's fees); *Lemon v. Harlem Globetrotters Intern., Inc.*, 2007 WL 1200938 (D. Ariz. 2007).

On the other hand, it is just, fair and proper to conditionally award the Huang's their costs and reasonable attorney's fees incurred in this federal action in the remote possibility that this same or a substantially similar tort claim is re-filed in any court including in an adversary claim in the United States Bankruptcy Court. The Court can not guarantee that Plaintiff will not re-institute, or attempt to re-institute, in the future the same or a similar tort claim against the Huangs arising out of this hotel construction contract and thereby force the Huangs to incur duplicative costs and attorney's fees. While they may find some degree of comfort in the successful conclusion of this tort litigation against them personally, the Huangs have not necessarily "been freed of the risk of relitigation of the [tort] issues." *Colombrito*, 764 F.2d at 133. A conditional award of costs and attorney's fees is fair and just "in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id*.

While they likely have a considerable financial interest in defending Design Trend's claim(s) against Cathay Enterprises in Bankruptcy Court, the Huangs are not parties *per se* in the bankruptcy case (04-15766-PHX-RTB). In fact, the bankruptcy debtor, Cathay Enterprises, and the Huangs are represented by different counsel.[5] Additionally, it is not likely that the legal expenses incurred and minimal discovery obtained so far in prosecuting or defending Plaintiff's fraudulent inducement claim in District Court is, or would be, helpful to Design Trend or Cathay Enterprises in the bankruptcy case unless, of course, this District Court case were not dismissed and Linsalata's deposition were authorized to proceed. The bankruptcy docket indicates that discovery has closed in the bankruptcy case and Linsalata

---

[5] This Court takes judicial notice that the bankruptcy docket in No. 04-15766-RTB indicates that Cathay Enterprises, the bankruptcy debtor, is represented by Daniel P. Collins, Howard C. Meyers, and Theodore P. Witthoft. Mr. Meyers, however, is employed with the Phoenix firm, Burch & Cracchiolo, P.A., as is defense counsel herein.

was not deposed.[6] At the present time, no adversary proceeding sounding in tort exists in the current bankruptcy case by creditor Design Trend against the Huangs assuming, of course, jurisdiction would even exist to initiate and maintain such an action in Bankruptcy Court[7] and the two-year tort statute of limitations has not run.

While incurring attorney's fees and costs in defense of a lawsuit in the Ninth Circuit does not constitute legal prejudice within the context of Rule 41, incurring duplicative fees and costs to defend again the same or a similar one is, or should, constitute such legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d at 97. A contrary interpretation of Rule 41(a)(2), FED.R.CIV.P., would be inconsistent with Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss this lawsuit without prejudice, docket # 28, is hereby **GRANTED** upon the condition that should Plaintiff Design Trend re-file this or a substantially similar tort lawsuit in any venue, Design Trend shall pay the Huangs the costs incurred and the reasonable attorney's fees incurred by the Huangs in the defense of this litigation. The Court expressly retains jurisdiction over this lawsuit for the limited purpose of determining and awarding the amount of costs and reasonable attorney's fees in the event Design Trend re-files the same or a substantially similar lawsuit. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85 (9th Cir. 1997).

---

[6] The issue of opening discovery in the bankruptcy case is currently pending consideration of Bankruptcy Judge Baum.

[7] In a tort-based case by a creditor (Design Trend) against non-bankrupt-debtor parties (the Huangs), there would not likely be jurisdiction in the U.S. Bankruptcy Court to adjudicate such a case. 28 U.S.C. §§ 157 and 1334. Such a case would not likely "arise[] under title 11 or . . . relate[] to a case under title 11" as it does not involve the bankrupt's (Cathay Enterprises, Inc.'s) estate or property of the estate nor would such an adversary proceeding likely be considered "core proceedings" under 28 U.S.C. § 157(a) and (b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order, docket # 29, is **DENIED** as moot as this case is now terminated.

DATED this 7th day of September, 2007.

Lawrence O. Anderson
United States Magistrate Judge